Fisk & als. v. Briggs.

# Fisk & als. vs. Briggs.

Where one entered upon lands belonging to the *Commonwealth* of *Massachusetts*, lying within this State, and continued there for more than six years, erecting a house, planting an orchard, and making other improvements, it was held in an action to recover the possession brought by the grantees of the *Commonwealth* within six years from the time of their purchase, that the tenant was entitled to the benefit of the provisions of *stat.* of 1821, *ch.* 47, commonly called the "Betterment Act."

This was a writ of entry, brought to recover possession of 100 acres of land, in which the demandants counted upon their own seizin and a disseizin done by the tenant.

The tenant pleaded the general issue, and put in a claim for *betterments*, under the provisions of the statute of 1821, *ch.* 47.

The demandants derived title from the *Commonwealth* of *Massachusetts;* the *locus in quo*, being part of a township, that, by the Act of separation of *Maine* from *Massachusetts*, became the common and equal property of said states, and which in a division of lands by the agents of the respective states in 1832, was assigned to *Massachusetts*. The deeds to the demandants from the agents of *Massachusetts*, were given at a period within six years prior to the commencement of this action.

The tenant proved that he entered upon the premises in 1822, and had continued in possession thereof to the then present time, having cleared 30 or 40 acres, erected buildings, planted a small orchard, dug and stoned a well and made other improvements. He then consented, which consent was recorded, that the increased value of the premises, by virtue of the buildings and improvements, be assessed and set at the sum of $300, — and that the value of the land demanded, without the buildings and improvements, be estimated at $300. To this offer the demandants acceded, still denying the right of the tenant to betterments at all, inasmuch as the *Commonwealth* of *Massachusetts*, could not be disseized, and as six years had not elapsed since the demandants purchased.

The presiding Judge being disposed to reserve this question for the consideration of the whole Court, the cause was taken from the jury ; the parties agreeing, that if in the opinion of the whole Court, the tenant had not such possession as to entitle him to betterments, judgment was to be rendered in accordance with the offer and acceptance aforesaid ; otherwise the tenant was to be defaulted.

*Starrett*, for the demandants, cited a part of the first article in the terms and conditions of the act of separation between *Maine* and *Massachusetts*, which is as follows : " All the lands belong- " ing to the *Commonwealth* within the *District of Maine*, shall " belong the one half thereof to the said *Commonwealth*, and the. " other half thereof to the state to be formed within said *District*, " to be divided as hereinafter mentioned. And the lands within " the said *District* which shall belong to the said *Commonwealth*,

" shall be free from taxation, while the title to the said lands re-
" mains in the *Commonwealth*. And the rights of the *Common-*
" *wealth* to their lands within said *District*, and the remedies for
" the recovery thereof shall continue the same within the pro-
" posed state and in the courts thereof as they now are within said
" *Commonwealth*, and in the courts thereof."

*Massachusetts* could not be disseised at the time of the con-
veyance to the demandants. *Weed* v. *Bartholomew*, 6 *Pick.*
407 ; *Hill* v. *Dyer*, 3 *Greenl.* 441. Nor could a settler on her
lands within that state, by a possession of any length of time, ac-
quire a right to betterments. It therefore follows, by the terms of
the act of separation, that no such rights could be acquired on her
lands, lying within this state.

*W. D. Williamson*, for the tenant, cited 2 *Black. Com.* 105,
261 ; *Co. Litt.* 13 *a; Frothingham* v. *March*, 1 *Mass.* 250 ; 3
*Black. Com.* 257, 307 ; 1 *Black. Com.* 247 ; 1 *Plow.* 236, *a;*
*Bacon* v. *Callender*, 6 *Mass.* 303 ; *Hart* v. *Johnson*, 7 *Mass.*
472 ; *Little* v. *Hasey & al.* 12 *Mass.* 329 ; *Shaw* v. *Bradstreet*,
13 *Mass.* 241 ; *Runey & als.* v. *Edmonds*, 15 *Mass.* 294 ; *New-*
*hall* v. *Saddler*, 17 *Mass.* 350 ; *Russell* v. *Blake*, 2 *Pick.* 507 ;
*Heath* v. *Wells*, 5 *Pick.* 145 ; *Brackett* v. *Norcross*, 1 *Greenl.*
92 ; *Proprs. Ken. Purchase* v. *Kavanagh*, 1 *Greenl.* 351.

WESTON C. J. — By the terms and conditions of the act, by
which *Massachusetts* gave her consent to the separation of *Maine*,
and which are made a part of our constitution, it is provided
that the rights of that *Commonwealth* to their lands here, and the
remedies for their recovery shall continue the same within this
state and the courts thereof, as they before were within the *Com-*
*monwealth* and the courts thereof. The fulfilment of these terms
is required by the constitution, which is the paramount law, and
by the obligations of good faith to *Massachusetts*. It is contend-
ed that they cannot be literally carried into effect; that for in-
stance, certain remedies, which might be suitable and proper for
her, while in the actual exercise of the sovereign power here, are
not adapted to the relation, in which she now stands to the new
state. It is not necessary to discuss this question, as the remedy

sought by the demandants is one which is open to all, who have a right to litigate in our courts.

It has been holden, as the established law of both states, that the State or *Commonwealth* may convey lands, notwithstanding they may be in the possession of others, who have intruded thereon without right. And this upon the ground of prerogative; which may be necessary, whether a king or representative bodies are charged with the duty of upholding and preserving the rights of the public. In *Hill* v. *Dyer,* 3 *Greenl.* 441, this right is considered as resulting from the principle, that the commonwealth or sovereign power could not be disseised ; which was also a prerogative of the king in *England.* 3 *Bl. Com.* 257. And in *Ward* v. *Bartholomew,* 6 *Pick.* 409, the court lay it down as a rule, which they state they have always understood, that the principle that a person out of possession cannot convey a title, does not apply to the government. And we are clearly of opinion, that the right to convey, unimpaired by the intrusion of others, which before existed in the Commonwealth, is under the protection of the act of separation. The free right of alienation, when purchasers present, is of great value. The lands of *Massachusetts* are from time to time in the market for sale. They constitute an important portion of their fiscal resources. That the party has a right to convey, is a covenant deemed necessary for the security of the purchaser, in the usual formularies of conveyance. It is one of the covenants in the deeds of the agents of the *Commonwealth,* from which the demandants deduce title. If it was a right which existed before the separation, not liable to be defeated by the possession of others, of which we entertain no doubt, the deeds of the agents of the commonwealth operated to convey their title to all the lands therein described, notwithstanding the intrusion of the tenant.

The equitable claim of the tenant to be reimbursed the value of his improvements, is of a different character. The protection of interests of this kind have not, for nearly thirty years in *Massachusetts,* been regarded as inconsistent with the just rights of the proprietor. A law of that *Commonwealth,* which passed as early as 1808, lends its aid to vindicate his title, and to restore to him his possession ; but upon the condition that he pay for the

additional value, derived from the labor and expense of those, who may have held the land for the period of six years or more. The proprietor may, at his option, claim to receive the full value of the land, if unimproved ; or if he choose to retain it, he is not to enrich himself at the expense of the occupant, but is held to pay for its increased value, arising from the improvements. This law, which has been re-enacted here since the separation, has become a rule of distributive justice, which has commended itself to the favor of the public, for the equity of its provisions, and has received a liberal construction, in the highest courts of both States. It relaxes the rigor of extreme right ; and is intended generally to extend some indulgence to those who penetrate the wilderness, subdue the soil and render it productive, and who usually have families, depending upon the fruits of their labor. It has not accorded with the moral sense and enlightened justice of either State, to suffer a proprietor to strip the occupant of these fruits, so far as they had given additional value to his land, without compensation. This increased value is not considered as of right belonging to him. If, therefore, in this suit we award it to the tenant, as our laws and their laws require in ordinary cases, we do not impair the rights of *Massachusetts*, either according to our sense of right and justice or their own. It is not to be presumed that the value of these improvements constituted any part of the price, which they received. Their existence was probably unknown.

It may be contended, that the act for the equitable settlement of certain claims, arising in real actions, in *Massachusetts*, does not bind the *Commonwealth*, and that the corresponding act here does not bind the State, because not named in either act. It is among the prerogatives of the king in *England*, for the preservation of his political power, that he is not bound by an act of parliament, unless expressly named, which may tend to restrain or diminish any of his rights or interests. 1 *Bl. Com.* 262. Yet this position is there qualified by the same author, who says that an act of parliament, for the preservation of rights and the suppression of wongs, is holden to be binding upon the king, if it does not interfere with the established rights of the crown. And

this doctrine is sustained by the case of the *Master and Fellows of Magdalen College,* 11 *Rep.* 66. In *Willion* v. *Berkley,* 1 *Plowden,* 223, it was holden, that the king was bound by the statute *de donis,* 13 *Edw.* 1, *c.* 1, although not expressly named in it. If the act under consideration is extended to *Massachusetts,* it impairs no rights, which can be asserted consistently with justice, as she requires it to be administered between suitors in her courts.

The law, under which the tenant claims equitable relief, binds the demandants, unless it impairs the rights of *Massachusetts,* under the act of separation. And we are of opinion that it does not have this effect. The tenant is therefore to be allowed for his improvements, and the estimates are to be made in conformity with his offer made and accepted, and judgment is to be rendered accordingly.